[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14511
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00024-TFM-M-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERSKINE D. SALTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(August 25, 2021)

Before JILL PRYOR, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Erskine Salter appeals the district court's order revoking his supervised release and imposing a 57-month sentence, for various violations of the conditions of his release. These violations include possession of a firearm, conspiracy to possess with intent to distribute cocaine and marijuana, possession with intent to distribute marijuana, the sale of opium, and association with a convicted felon. He argues that the district court's decision was based on hearsay evidence improperly admitted in violation of his confrontation rights and is due to be vacated. Specifically, he asserts that the district court should not have considered three pieces of hearsay evidence: (1) a forensic report indicating that his DNA was found on a firearm uncovered at his girlfriend's residence; (2) his probation officer's testimony about her conversation with another probationer during which the probationer stated that Salter had asked the probationer to traffic codeine syrup; and (3) an affidavit from the probationer confirming the information he gave Salter's probation officer. After reviewing the record and reading the parties' briefs, we affirm the district court's order revoking Salter's supervised release and imposing a 57-month sentence.

## I.

We review a district court's revocation of supervised release, as well as evidentiary rulings, for an abuse of discretion. *United States v. Cunningham*, 607

2

F.3d 1264, 1266 (11th Cir. 2010) (revocation of supervised release); *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001) (evidentiary decisions). We are also bound by the district court's findings of fact unless they are clearly erroneous. *See id.*

## II.

A district court may revoke a defendant's term of supervised release and impose a prison sentence if the district court finds, by a preponderance of the evidence, that the defendant violated a condition of his release. 18 U.S.C. § 3583(e)(3). A district court is required to revoke supervised release for violations concerning possession of a controlled substance or a firearm. 18 U.S.C. § 3583(g)(1)-(2).

Notably, the Federal Rules of Evidence do not apply in supervised-release revocation proceedings. *United States v. Frazier*, 26 F.3d 110, 113-14 (11th Cir. 1994). However, "the admissibility of hearsay is not automatic," and defendants in such proceedings are entitled to certain minimal due-process requirements. *Id.* at 114 (determining that the district court's failure to make findings on the reliability of certain hearsay evidence or weigh the defendant's right to confrontation was erroneous). These protections have been incorporated into the Federal Rules of Criminal Procedure. *Id.*; *see* Fed. R. Crim. P. 32.1. Rule 32.1 provides that defendants at revocation hearings are "entitled" to "an opportunity to . . . question

any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C).

Hearsay is an out-of-court statement made by a declarant to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). A "statement" includes a person's oral or written assertions, and a "declarant" refers to the person who made the statement. Fed. R. Evid. 801 (a)-(b). In deciding whether to admit hearsay testimony, the district court "must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Frazier*, 26 F.3d at 114. Additionally, "the hearsay statement must be reliable." *Id.* In order to show that the hearsay evidence violates a defendant's due process rights, the defendant bears the burden of showing that the challenged evidence (1) is materially false or unreliable and (2) serves as the basis for the sentence. *United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991). If the district court errs in failing to engage in the balancing test, the error is nonetheless harmless if the properly considered evidence demonstrates a supervised release violation by a preponderance of the evidence. *See Frazier*, 26 F.3d at 114.

## III.

Here, the district court did not abuse its discretion by revoking Salter's supervised release or imposing a 57-month sentence based on improperly admitted

hearsay evidence.  Regarding the DNA report, the district court weighed both parties' positions by considering both their written findings and oral arguments at the hearing, and the government argued that the expense required to produce the forensic scientist was good cause to proceed without him.  The government also argued that the report was reliable given its preparation by the Alabama Department of Forensics Sciences.  Salter failed to offer more than general speculation on the report's reliability.  The district court also expressly noted that, even if the DNA report was not admissible, the evidence presented was still sufficient to reach the same result.  Thus, Salter did not meet his burden of showing that the report was unreliable or that it "actually served" as a basis for the sentence.  *See Taylor*, 931 F.2d at 847.

The court also did not abuse its discretion in admitting the probation officer's testimony and the probationer's affidavit because, although the court did not balance Salter's right of confrontation, the evidence was not hearsay, but rather, was admitted for purposes other than the truth of the matter asserted.  The information was used to corroborate and provide context for what prompted the officer's investigation of Salter's probation violations.

Further, even if the district court committed an error in admitting the testimony and affidavit, the error was harmless because other properly admissible evidence established that Salter had committed the associated violations by a

preponderance of the evidence. This unchallenged evidence supported two uncontested grade A violations: (1) consistent information from three separate confidential informants, each unaware of the other's reports, that Salter was engaging in drug-related activities from the residences of his parents; (2) corroboration of the confidential informants' information by the investigating officer's observations during his surveillance of Salter; (3) interactions between Salter and known drug dealers; (4) the controlled purchase of marijuana from Salter; (5) the marijuana found at Salter's father's residence; and (6) Salter's inadequate explanations for suspicious activities and his lack of credibility. Based on this evidence, the district court did not clearly err in finding that Salter had committed grade A violations of the conditions of his supervised release. Therefore, any error by the district court's admission of the probation officer's testimony and the probationer's affidavit was harmless.

Accordingly, based on the aforementioned reasons, we affirm the district court's order revoking Salter's supervised release and imposing a 57-month sentence.

**AFFIRMED**.